UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOAN ANGELI and ROBERT ANGELI, her husband, | CIVIL ACTION – LAW |
| Plaintiffs | JURY TRIAL DEMANDED |
| v. | |
| LIBERTY MUTUAL INSURANCE COMPANY | NO. |
| Defendant | |

## COMPLAINT

AND NOW COME Plaintiffs, JOAN ANGELI and her husband, ROBERT ANGELI (collectively "Plaintiffs"), by and through their legal counsel, FELLERMAN & CIARIMBOLI LAW, PC, to hereby complain against the Defendant, LIBERTY MUTUAL INSURANCE COMPANY ("Liberty Mutual"), as follows:

### PARTIES

1. Plaintiffs are married competent individuals who reside at 155 Cemetery Road, Hudson, PA 18705.

2. Defendant, Liberty Mutual is an insurance company with its headquarters located at 175 Berkeley Street, Boston, MA 02116.

## JURISDICTION

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because (a) there is complete diversity of citizenship between Plaintiff and Defendant; and (B) the matter in controversy exceeds the jurisdictional limit.

## FACTUAL BACKGROUND

4. On August 16, 2017, Plaintiff Joan Angeli (hereinafter "Mrs. Angeli") was crossing the intersection at S. River Street and West Market Street in Wilkes-Barre, Pennsylvania.

5. On August 16, 2017, the tortfeasor, Bret Lee (hereinafter "Mr. Lee") was the owner and operator of a 2000 Chevy, (hereinafter "Chevy"), bearing license plate number KLD3158.

6 At the aforesaid date and time, Mr. Lee violently struck Mrs. Angeli as she crossed the intersection.

7. As a result of the violent crash, Mrs. Angeli suffered serious and permanent injuries as more specifically hereinafter set forth at length.

8. At all times material hereto, Plaintiffs were free from any negligence and did not in any manner assume the risk of injury and/or collision.

## INJURIES

9. As a direct and proximate cause of the negligence of Mr. Lee, Mrs. Angeli sustained <u>inter alia</u>, the following injuries:

   a) Small brain bleed;

   b) Compound right leg fracture of the tibia and fibia;

   c) Shattered right pelvis;

   d) Broken left hand;

   e) Bruised liver;

   f) Hip pain;

   g) Numerous contusions and abrasions;

   h) Headaches;

   i) Dizziness and balance issues and

   j) Any and all other injuries arising out of complications from the aforementioned injuries and natural consequences thereof.

10. As a result of the aforesaid serious and painful injuries and natural consequences thereof, Mrs. Angeli has been rendered sick, sore, disabled, and sustained physical and mental pain and suffering all of which have required an/or will require medical care and treatment from the following health care providers:

   a) Geisinger Wyoming Valley Hospital; and

   b) John Heinz Rehabilitation.

11. Mrs. Angeli continues to require treatment for the aforesaid injuries and the natural consequences thereof.

12. All of the aforementioned treatment for Mrs. Angeli's injuries and the natural consequences thereof has been deemed reasonable and necessary.

13. As a result of the aforesaid injuries and natural consequences thereof, Mrs. Angeli is suffering physical and mental discomfort, inconvenience, and permanent limitations on her ability to do normal everyday activities and will continue to suffer same into the future.

14. As a result of the aforesaid injuries and natural consequences thereof, Mrs. Angeli has been forced to receive and undergo medical attention and care, to expend various sums of money for treatment of the aforesaid injuries and will be obligated to continue to expend such sums and incur such expenses for an indefinite period into the future.

15. As a further result of the aforesaid injuries and natural consequences thereof, Mrs. Angeli has endured pain and suffering from her injuries which are likely to cause significant pain, soreness, limitation and discomfort into the future.

16. As a result of the aforesaid injuries and natural consequences thereof, Mrs. Angeli has sustained and continues to sustain the loss of everyday pleasures and enjoyments of life, and will continue to so suffer for an indefinite period of time into the future.

## LIBERTY MUTUAL POLICY

17. At the time of the crash, Plaintiffs were insured with Defendant Liberty Mutual through a policy of insurance identified as # AOS-288-477221-407-2 (hereinafter "Liberty Mutual Policy"). The Liberty Mutual Policy provided Plaintiffs with underinsured (UIM) benefits in the amount of $750,000. Copies of the Liberty Mutual Policy are in the possession of Defendant.

18. As a result of the selection of the underinsured benefits, Plaintiffs paid and Defendant Liberty Mutual accepted insurance premiums.

19. At all times material hereto, Plaintiffs were free from any negligence and did not in any manner assume the risk of injury and/or collision.

20. For any and all of the reasons stated herein, the foregoing actions on the part of Defendant amount to bad faith.

## COUNT I

## PLAINTIFFS V. DEFENDANTS

## BREACH OF CONTRACT

21. Plaintiffs incorporate by reference the allegations contained in the foregoing Paragraphs as if fully set forth herein.

22. At the time of the crash, Plaintiffs were insured by Liberty Mutual under the aforesaid Liberty Mutual Policy – copies of which are in the possession of the Defendant.

23. The Liberty Mutual Policy provided Plaintiffs with UIM coverage.

24. Plaintiffs complied with the terms, conditions, and duties required under the Liberty Mutual Policy and are entitled to be paid by Defendant any and all damages sustained by Plaintiffs resulting from the negligence and breaches by Defendant.

25. Defendant has breached its contractual duties and obligations pursuant to the Policy by failing to make any payments to Plaintiffs under the underinsured motorist provision of the Liberty Mutual Policy.

26. As a result of the foregoing breach, Plaintiffs have and will continue to suffer damages as outlined herein.

WHEREFORE, Plaintiffs demand judgment against the Defendant, together with all damages allowed under the laws of the Commonwealth of Pennsylvania in an amount in excess of that conferring Federal Court jurisdiction.

## COUNT II

## PLAINTIFFS V. DEFENDANT

## BAD FAITH

27. Plaintiffs incorporate by reference the allegations contained in the foregoing Paragraphs as if fully set forth herein.

28. The actions of Defendant in handling Plaintiffs' UIM Claim constitute bad faith as defined under 42 Pa. C.S.A. §8371, for reasons including but not limited to the following:

- Engaging in dilatory and abusive claims handling;
- Failing to adopt or implement reasonable standards in evaluating the underinsured motorist claim;
- Acting unreasonably and unfairly in response to the underinsured motorist claim;
- Not attempting in good faith to effectuate a fair, prompt and equitable settlement of the underinsured motorist claim in which Defendant's liability under the policy is reasonably clear;
- Subordinating the interests of its insured to its own financial monetary interest;
- Failing to reasonably and adequately investigate the underinsured motorist claim;
- Failing to reasonably evaluate or review all of the pertinent documentation;
- Failing to disclose pertinent documentation and/or information;
- Violating the fiduciary duty owed to Plaintiff;
- Otherwise unreasonably and unfairly withholding underinsured motorist benefits justly due and owing to Plaintiffs;
- Compelling its insured to fire suit and engage in litigation when a reasonable evaluation of the claim would have avoided suit;
- Compelling Plaintiffs to litigate these claims to recover amounts due to them under the Policy;
- Failing to make an honest, intelligent and objective settlement offer;
- Causing its insured to expend money on the presentation of an underinsured motorist claim;
- Causing its insured to bear stress and anxiety associated with litigation;
- Otherwise unreasonably and unfairly withholding underinsured motorist benefits justly due and owing to Plaintiff;
- Failing to follow its own manual with regards to the evaluation and payment of underinsured motorist claims;
- Failing to pay the undisputed amount owed.

29. Defendant has a fiduciary, contractual and statutory obligation to its insured, including Plaintiffs.

30. At all times relevant hereto, Plaintiffs complied with the terms and conditions of the Liberty Mutual Policy and all terms and conditions precedent and subsequent to their right to recovery under the Policy.

31. For the reasons set forth above, Defendant has violated the Liberty Mutual Policy and their obligations as insurers; have failed to act towards Plaintiffs in good faith; and have violated 42 Pa. C.S.A. §8371 for which Defendant is liable for compensatory and punitive damages, together with interest, attorney's fees and such other relief that the Court deems appropriate under Pennsylvania law.

32. Defendant has engaged in wanton and reckless conduct with regard to the welfare, interest and rights of Plaintiffs, their insureds, and are liable for their bad faith conduct.

WHEREFORE, Plaintiffs demand judgment against Defendant, together with compensatory damages, punitive damages, interest, costs of suit, attorney's fees and other damages as allowable under 42 Pa. C.S.A. Section 8371.

## COUNT III

## ROBERT ANGELI V. DEFENDANT

## LOSS OF CONSORTIUM

33. Plaintiffs incorporate by reference the allegations contained in the foregoing Paragraphs as if fully set forth herein.

34. As a result of the foregoing and the injuries sustained by Plaintiff, Mrs. Angeli, Plaintiff, Robert Angeli, has suffered the loss of attention, assistance, services, comfort, consortium, society and companionship of his wife Joan Angeli, and will probably continue to suffer all of the same for an indefinite period of time into the future, a claim for which is herein made.

WHEREFORE, Plaintiff, Robert Angeli, demands judgment against the Defendant, together with all damages allowed under the laws of the Commonwealth of Pennsylvania in an amount in excess of that conferring Federal Court jurisdiction.

Respectfully submitted,

FELLERMAN & CIARIMBOLI LAW, P.C.

*/s/ Hy McGrath*

HARRY P. MCGRATH, JR., ESQ.
183 Market Street, Suite 200
Kingston, PA 18704
570-714-4878

March 29, 2018