IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOAN ANGELI, et al.,

    Plaintiffs,

v.

LIBERTY MUTUAL INSURANCE
COMPANY,

    Defendant.

3:18-CV-703
(JUDGE MARIANI)

# MEMORANDUM OPINION
## I. INTRODUCTION

Here the Court considers Plaintiffs' Motion for Leave of Court to File Amended Complaint Pursuant to F.R.C.P. 15(a)(2) (Doc. 59). With this motion, Plaintiffs Joan Angeli and Robert Angeli ("Plaintiffs") seek to amend their Complaint "based on the discovery of material facts which address real issues in the case that were uncovered during the discovery phase of the litigation[,]" including "newly acquired eye witness statements." (*Id.* ¶¶ 6, 7.) For the reasons that follow, the Court will deny Plaintiffs' motion.

## II. BACKGROUND

Plaintiff Joan Angeli was injured when she was crossing a street in Wilkes-Barre, Pennsylvania, on August 17, 2017, and was struck by a vehicle driven by Bret Lee. (Doc. 1 ¶¶ 4, 5.) The Complaint alleges that Ms. Angeli suffered severe and permanent injuries. (*Id.* ¶ 7.)

At the time of the incident, Plaintiffs were insured by Defendant with a policy that provided Plaintiffs underinsured motorist ("UIM") benefits in the amount of $750,000. (*Id.* ¶ 17.) Plaintiffs allege that Defendant breached its contractual duties by failing to make any payment under the Policy's UIM provision. (*Id.* ¶ 25.) Plaintiffs also allege that Defendant acted in bad faith under 42 Pa. C.S.A. § 8371 on numerous bases, including dilatory and abusive claims handling, unreasonable and inadequate investigation, unreasonable withholding of UIM benefits, and compelling Plaintiffs to file suit. (*Id.* ¶ 28.) Finally, the Complaint contains a claim for loss of consortium lodged by Plaintiff Robert Angeli. (*Id.* ¶¶ 34-35.)

On May 15, 2019, Defendant filed Defendant's Motion for Partial Summary Judgement. (Doc. 53.) With the motion, Defendant seeks judgment in its favor on Plaintiffs' bad faith claim and dismissal of that claim from Plaintiff's Complaint with prejudice. (Doc. 53 at 8.)

Plaintiffs filed the motion under consideration here on July 8, 2019. (Doc. 59.) Plaintiffs request that they be allowed to amend their Complaint primarily to add additional facts related to two eye witnesses who were discovered after the discovery deadline of January 9, 2019. (*Id.* ¶¶ 7-9.) Defendant filed a responsive brief with supporting exhibits on July 22, 2019. (Doc. 64, 64-1, 64-2, 64-3.) Plaintiffs did not file a reply brief and the time for doing so has passed. Therefore, the pending motion is ripe for disposition.

## III. ANALYSIS

Plaintiffs assert that they should be allowed to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) which addresses amendments before trial but after the time a party may amend as a matter of course. Fed. R. Civ. P. 15(a)(2). Because Plaintiffs filed their motion long past when they would have been allowed to amend as a matter of course, they may amend only with Defendant's written consent or the Court's leave which should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2). In this case, Defendant has not consented to the motion (Doc. 59-1) so the Court must determine if leave to amend should be granted.

It is well established that "motions to amend pleadings should be liberally granted," *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir.2004), and "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust," *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir.2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). As stated in *Foman*,

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it

is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules.

371 U.S. at 182. In *Lorenz v. CSX Corp.*, 1 F.3d 1406 (3d Cir.1993), the Court of Appeals for the Third Circuit stated that it has interpreted the *Foman* factors "to mean that 'prejudice to the non-moving party is the touchstone for the denial of the amendment.'" *Id.* at 1414 (quoting *Cornell & Co., v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)).

In *Adams v. Gould, Inc.*, 739 F.2d 858 (3d Cir.1984), the Circuit Court explained that "[t]he question of undue delay, as well as the question of bad faith, requires that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier; the issue of prejudice requires that we focus on the effect on the defendants." *Id.* at 868. As to prejudice, the Court of Appeals has "considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir.2001) (citing *Adams,* 739 F.2d at 869). Given the liberal standard under Rule 15(a), "the burden is on the party opposing the amendment to show prejudice, bad faith, undue delay, or futility." *Chancellor v. Pottsgrove Sch. Dist.*, 501 F.Supp.2d 695, 700 (E.D. Pa. 2007).

Plaintiffs set out the following argument in support of their motion:

> the additional facts set forth in the Amended Complaint include newly acquired eye witness statements . . . . There has been no undue delay on the part of Plaintiffs' [sic] in obtaining these statements, as the identity of the witnesses was not known until March 4, 2019, when Plaintiffs' received a copy of the "full" Wilkes-Barre Police Crash report, obtained pursuant to subpoena issued by

4

> Defendant Liberty Mutual on January 9, 2019, which was the final day of the discovery period. Since that time Plaintiffs have been making efforts to obtain the eye witness statements and have promptly filed this Motion upon receipt of the same.

(Doc. 60 at 3.)

In response to Plaintiffs' contention that there has been no undue delay, Defendant states that Plaintiffs offer no explanation as to why their own investigation did not reveal these witnesses sooner, they did not notice the deposition of the investigating officer, and they apparently did not themselves subpoena the police records which Defendant sent to them. (Doc. 64 at 7.) Defendant maintains that Plaintiffs did not file their motion until an unsuccessful mediation had taken place and the discovery deadline had expired over four months earlier. (*Id.*) Defendant further avers that "[a]fter production of these new statements, Plaintiffs did not request an extension of the deadline for fact discovery so that Defendant could depose the witnesses, and the investigator who interviewed them, to evaluate the new information." (*Id.* at 7-8.) Defendant concludes that the pending motion

> must be denied to the extent that it amounts to an effort to introduce new witness statements into the record which were produced over four months after expiration of the discovery deadline without Plaintiffs requesting an extension of the discovery deadline. Plaintiff's [sic] amendment would prejudice defendant unless discovery is reopened so that Defendant can depose the individuals who provided the new statements and Plaintiff's [sic] investigator who interviewed the witnesses.

(Doc. 64 at 8.)

Defendant also poses an alternative "if Plaintiffs' motion is granted and/or Plaintiffs are permitted to introduce evidence relating to these new witness statements at the time of

5

trial." (Doc. 64 at 9.) Defendant requests that "discovery be re-opened for the specific purpose of allowing Defendant to depose Donald Cron and Mark Maslowski [the two eye witnesses] as well as Plaintiffs' investigator who took their statements." (*Id.*)

The record shows that the January 9, 2019, discovery deadline was established by Order of December 20, 2018, in which the Court allowed Defendant's request for an extension for the purpose of obtaining the Wilkes-Barre Police Department and Pennsylvania Department of Transportation records related to the August 17, 2017, incident. (Doc. 25 at 1.) While Plaintiffs state that they received a copy of the Wilkes-Barre report on March 4, 2019, and thereafter sought statements of eye witnesses identified in the report (Doc. 60 at 3), Defendant maintains that its records reflect that it sent the reports to Plaintiffs' counsel on January 9, 2019, and it provides a copy of the cover letter dated January 9, 2019, which references the enclosed documents received in response to its subpoena (Doc. 64 at 7; Doc. 64-3 at 1). Documents of record indicate that, after obtaining the statements, Plaintiffs' counsel forwarded the statements via email to Defendant on May 8, 2019, and asserted that the statements reinforced prior evidence that Mr. Lee did not yield to a pedestrian in a crosswalk and his speed was in excess of the 35 m.p.h. speed limit. (Doc. 64-1 at 1.) Based on this information, Plaintiffs' counsel stated that Ms. Angeli was not at fault for the incident and requested that Defendant pay the $750,000 UIM limit by close of business on Monday, May 13, 2019. (*Id.* at 2.) In Defendant's counsel's May 17, 2019, response, he asked Plaintiffs' counsel "to advise if you intend to request an extension

of the deadline for fact discovery so that we may depose the witnesses, and the investigator who interviewed them, to evaluate this new information. If not, we must respectfully object to these witnesses and their statements." (Doc. 64-2 at 1.) The record does not indicate that Plaintiffs' counsel responded to the May 17, 2019, correspondence. (*See* Docs. 59, 60, 64.)

These facts of record indicate that Plaintiffs learned the identity of two eye witnesses to the incident either on the last day of the extended discovery period or approximately two months later and obtained statements from the eye witnesses either two or four months after they became aware of the individuals. While this timeline, on its face, may not show undue delay, the determination includes considerations of whether the delay places "an unwarranted burden on the court," and whether it is prejudicial because it places "an unfair burden on the opposing party." *Cureton,* 252 F.3d at 273 (3d Cir.2001) (internal quotation omitted). The Court concludes that introducing a new complaint at this juncture--after the discovery deadline and dispositive motion deadline have passed, and a motion for partial summary judgment is pending—would place an "unwarranted burden" on the Court and an "unfair burden" on Defendant, especially when a far more expeditious option was, and is, available, i.e., filing a motion to reopen discovery for the limited purpose of addressing the new material information.

Here prejudice to Defendant is apparent in that allowing amendment at this stage of the proceedings would result in "additional discovery, cost, and preparation to defend

7

against new facts or new theories." *Cureton,* 252 F.3d at 273. Defendant makes this point not only as to the eye witnesses but also because of "numerous factual allegations in support of the same claims already advanced thereby changing the evidentiary landscape of this case" while its summary judgment motion is pending and the case is "nearly trial ready." (Doc. 64 at 9.)

Based on the considerations of prejudice and delay, the Court concludes that Plaintiffs' motion is properly denied. The Court makes this determination cognizant of the importance of a case being decided on all relevant facts and the importance of mutual knowledge of all relevant facts gathered, *see, e.g., Hickman v. Taylor,* 329 U.S. 495, 507 (1947). However, the notice pleading standard of the Federal Rules of Civil Procedure does not require a plaintiff to include detailed factual material in the complaint. Fed. R. Civ. P. 8(a). Though the discovery rules may limit the introduction of certain evidence at trial, the interests of the parties and the Court's interest in administrative efficiency and judicial economy can be harmonized by reopening discovery for a limited period and purpose. Plaintiffs' desire to introduce eye witness statements produced after the close of discovery and Defendant's interest in gaining more information from the eye witnesses and Plaintiffs' investigator (*see* Doc. 64 at 9), will be satisfied if the Court allows an additional discovery period of forty-five days for the specific purpose of deposing these individuals.

## IV. CONCLUSION

For the reasons discussed above, the Court will deny Plaintiffs' Motion for Leave of Court to File Amended Complaint Pursuant to F.R.C.P. 15(a)(2) (Doc. 59). The Court will reopen discovery for the limited purpose of conducting depositions of the two eye witnesses identified by Plaintiffs and Plaintiffs' investigator. An appropriate Order will be filed simultaneously with this Memorandum Opinion.

_____
Robert D. Mariani
United States District Judge